IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MICHAEL J. ROBERTS                                                    PLAINTIFF

           v.                               NO. 13-5256

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                       DEFENDANT


**MEMORANDUM OPINION**

           Plaintiff, Michael J. Roberts, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.        **Procedural Background:**

           Plaintiff protectively filed his current applications for DIB and SSI on March 29, 2010,

alleging an inability to work since December 30, 2009, due to back and hip problems.  (Tr.142,

149, 191).  An administrative video hearing was held on April 26, 2012, at which Plaintiff

appeared with counsel and testified. (Tr. 29-51).

           By written decision dated July 13, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease, and an affective disorder.  However, after reviewing all of the evidence presented, the

ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4.  (Tr. 17).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he
> is able to climb ramps and stairs occasionally but can never climb ladders, ropes,
> or scaffolds.  He can occasionally balance, stoop, kneel, crouch and crawl.  He
> is limited to work that does not require fine hearing on the left side.  From a
> mental standpoint, he is able to perform work where interpersonal contact is
> incidental to the work performed; the complexity of tasks is learned and
> performed by rote, with few variables and little judgment; and the supervision
> required is simple, direct, and concrete.

(Tr. 19).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work

as a machine tender, and an assembler.  (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

after reviewing additional evidence submitted by Plaintiff, denied that request on September 18,

2013.  (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the

undersigned pursuant to the consent of the parties. (Doc. 8).  Both parties have filed appeal

briefs, and the case is now ready for decision.  (Docs. 15,17).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

AO72A
(Rev. 8/82)

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing

-3-

past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform light work with limitations. In finding Plaintiff could perform other work in the national economy, the ALJ provided the following hypothetical question to the vocational expert:

-4-

> Hypothetical number one, assume an individual with the same age, education and work experience as that of the claimant who is able to lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently, stand and/or walk two hours out of an eight hour work day with normal breaks, sit six hours out of an eight hour work day with normal breaks, push and pull limits pursuant to the limitations of lift and carry, able to climb ramps and stairs occasionally, able to climb ladders, ropes and scaffolds never, able to balance stoop, kneel, crouch and crawl occasionally.  Work would be limited to work that does not require fine hearing on the left side.  Work is limited to simple routine, repetitive tasks, work where the tasks and the work is learned and performed by rote, few variables, little judgment and supervision required is simple, direct and concrete...

(Tr. 46-47).  At the administrative hearing, the vocational expert testified that the hypothetical person would be able to perform work as an assembler and a machine tender.  What troubles the Court is the fact that the hypothetical proposed to the vocational expert gives a walking and standing limitation of a total of two hours during an eight-hour day.  However, the RFC finding indicates that Plaintiff can perform light work with no reference to the amount of standing and walking.  Light work requires the ability to stand and walk for a total of about six hours in an eight-hour work day.  See SSR 83-10, 1983 WL 31251, at *5-6 (Soc.Sec.Admin.).  The vocational expert testified that her testimony was in accordance with the Dictionary of Occupational Titles (DOT); however, a review of the jobs specified by the vocational expert fall under the light work category which would require six hours of standing and walking in an eight-hour work day.  See DICOT §§ 706.684-022, 556.685-082  at www.westlaw.com.  "[W]hen [vocational expert] testimony conflicts with the DOT, the DOT controls when the DOT classifications are not rebutted" Jones v. Astrue, 619 F.3d 963, 978 (8th Cir. 2010) quoting Dobbins v. Barnhart, 182 Fed.Appx. 618, 619 (8th Cir.2006).  Due to the inconsistency between the vocational expert's testimony and the DOT, the Court cannot find substantial evidence showing Plaintiff could perform other work as an assembler and a machine tender.  Accordingly,

-5-

the Court believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's ability to perform other work in the national economy.

The Court further notes that the medical evidence is also somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to Plaintiff's treating and/or examining physicians asking these physicians to review Plaintiff's medical records and complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of November, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE